JS-6

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | LA Superior Court,<br>West District<br>Santa Monica Courthouse<br>case no. 11U01858 |
|---|---|---|
| | **CIVIL MINUTES - GENERAL** | |
| Case No. | CV 11-9639 PA (CWx) | Date   November 29, 2011 |
| Title | The Bank of New York Mellon v. Dr. Jose Luis Cortes, et al. | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by defendants Dr. Jose Luis Cortes and Ana Bertha Cortes ("Defendants").  The Complaint filed by plaintiff the Bank of New York Mellon, for the Certificate Holders Alternative Loan Trust 2007-11T1 Mortgage Pass-Through Certificates, Series 2007-11T1 Pass-Through Certificates, Series 2007-11T1 ("Plaintiff") in the Los Angeles County Superior Court asserts a single cause of action for unlawful detainer.  Defendants, who are appearing pro se, seem to assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429.  There is no federal question jurisdiction simply because there is a federal defense to the claim.  Id. at 392, 107 S. Ct. at 2429.  The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9639 PA (CWx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Dr. Jose Luis Cortes, et al. | | |

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, Defendants do not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Because the Complaint does not allege a federal claim, the Notice of Removal's invocation of 28 U.S.C. § 1331 is insufficient to establish the Court's federal question jurisdiction.

Similarly, Defendants' allegations contained in the Notice of Removal that Plaintiff must comply with various federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. do not support federal question jurisdiction. At most, Defendants are citing federal law in support of potential counterclaims. These allegations do not constitute a basis for removal. Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendants have failed to show that federal question jurisdiction exists.

Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Although Defendants allege that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000 (Notice of Removal at 4), the caption of the Complaint clearly states that the amount demanded does not exceed $10,000. In unlawful detainer actions, the title to the property is not involved — only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and the reasonable daily rental value of the property until it obtains a judgment. Thus, given that the amount of the note is not in controversy, Defendants have failed to show that this action meets the minimum jurisdictional requirement.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question or diversity jurisdiction exists over this action. Accordingly, because the Court lacks subject

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9639 PA (CWx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Dr. Jose Luis Cortes, et al. | | |

matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 11U018508.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.